Sánchez Martínez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Guaynabo (Hon. Jorge Lucas Escribano Medina, Juez), dictó sentencia sumaria en la que declaró con lugar una demanda de cobro de patentes del Municipio de San Juan contra San Juan Realty Corp., por la parte demandada no haber seguido el procedimiento para impugnar las determinaciones de deficiencias, establecido en la Sec. 16 de la Ley de Patentes, Ley Núm. 113 de 10 de julio de 1974, 21 L.P.R.A. sec. 6510(a)(2). Por entender que en este caso no se trata de la impugnación de la determinación final de deficiencias en el pago de patentes, sino del cuestionamiento de la autoridad legal de Municipio de San Juan para imponerle a San Juan Realty el pago de patentes por ingresos generados en otro municipio -el Municipio de Bayamón-, revocamos la sentencia apelada y devolvemos el caso al Tribunal de Primera Instancia para que examine la cuestión y emita su determinación al respecto.
*811 I
El Municipio de San Juan le notificó a la demandada San Juan Realty Corp., deficiencias en el pago de patentes municipales para los años 1986-87 al 1994-95, ascendentes a $33,499.39 al 31 de julio de 1997. Además, le reclamó $809.47 por concepto de cuota, intereses y recargos para los años fiscales comprendidos entre 1986-87 y 1994-95. San Juan Realty genera sus ingresos del negocio de arrendamiento de edificios de su propiedad, localizados en los Municipios de San Juan y Bayamón.
En la notificación de deficiencias, el Municipio de San Juan le señaló a San Juan Realty que, de no estar conforme con la decisión en cuestión, debía solicitar reconsideración o solicitar una vista administrativa, dentro del plazo de treinta días de haberse enviado por correo la referida notificación. San Juan Realty le envió cartas al Municipio de San Juan en las que le señalaba que no adeudaba las deficiencias reclamadas, en vista de que dicha corporación recibía ingresos fuera del Municipio de San Juan, razón por la cual los estados financieros reflejaban como ingreso una cantidad distinta a la Declaración de Volumen de Negocios para esos años fiscales. A pesar del envío de dichas comunicaciones al Municipio de San Juan, San Juan Realty no solicitó reconsideración ni vista administrativa, dentro del período de treinta días de la notificación de deficiencias. Dicha parte tampoco recurrió al Tribunal Superior para entablar una demanda de impugnación, dentro del período de caducidad de treinta días, contados a partir del envío de la notificación de la determinación final de deficiencia.
El Municipio de San Juan entabló demanda de cobro de dinero en contra de San Juan Realty en la que reclamó $43,780.02, en concepto de cuota, penalidad, intereses y recargos por patentes municipales vencidas. La Corporación contestó la demanda y adujo que no debía cantidad alguna al Municipio de San Juan y levantó como defensa que el Municipio de San Juan pretendía cobrarle patentes por la totalidad de los ingresos anuales informados por dicha corporación, incluyendo aquéllos devengados en otros municipios, lo que constituía un enriquecimiento injusto.
San Juan Realty solicitó que se dictara sentencia sumaria desestimando la demanda, la cual apoyó en varios documentos: (1) una declaración jurada suscrita por la tesorera de la Corporación, Sra. Gilda Julia de Salvin, en la que dicha funcionaría hacía un desglose de los ingresos generados en el Municipio de San Juan y los generados en el Municipio de Bayamón; (2) una lista de los pagos de patentes hechos por San Juan Realty al Municipio de San Juan desde 1985 hasta 1995, con copia del cheque y del recibo del pago; y (3) las cartas cursadas por San Juan Realty al Municipio de San Juan, relacionadas con las deficiencias notificadas.
El Municipio de San Juan se opuso a la solicitud de sentencia sumaria, basándose en que la cantidad adeudada estaba en controversia y en que la determinación de deficiencias no había sido impugnada, conforme al procedimiento establecido en la Ley de Patentes, ni San Juan Realty había prestado la fianza correspondiente. A esos efectos, adujo que el tribunal apelado no tenía jurisdicción para entender en el asunto.
El tribunal a quo dictó sentencia sumaria a favor del Municipio de San Juan. Basado en lo resuelto en Harland v. Municipio de San Juan, 139 D.P.R. _ (1995), 95 J.T.S. 136, el tribunal a quo determinó que las comunicaciones enviadas por San Juan Realty no tuvieron el efecto de interrumpir el término provisto por ley para la acción judicial de impugnación de las determinaciones finales de deficiencia, hechas por el Municipio de San Juan. Por tal razón, el tribunal apelado dictó sentencia sumaria en la que se declaró sin jurisdicción para entender en el caso y, por consiguiente, confirmó la notificación de las deficiencias impuestas por el Municipio de San Juan y ordenó el pago de las mismas a San Juan Realty.
San Juan Realty apeló ante nos dicha sentencia y aduce que el tribunal apelado no debió dictar sentencia sumaria, debido a que existía controversia de hechos en cuanto a la suma adeudada y a los ingresos que se tomaron en consideración al determinar las deficiencias, puesto que San Juan Realty arguye que las patentes cobradas por el Municipio de San Juan en este caso correspondían a ingresos generados en el Municipio de Bayamón y no en el Municipio de San Juan. El Municipio de San Juan no ha comparecido a oponerse a la apelación.
Procede revocar la sentencia recurrida. En el caso de autos, el tribunal apelado se declaró sin *812 jurisdicción, puesto que San Juan Realty no había cumplido con los procedimientos establecidos en la Sec. 16 de la Ley de Patentes, 21 L.P.R.A. see. 6510, que dispone en la parte (a), incisos 1 y 2, lo relativo a la notificación de deficiencias y establece el procedimiento para impugnar dichas determinaciones de deficiencias, el cual requiere el pago o prestación de la fianza como requisito jurisdiccional para acudir al Tribunal a cuestionar una determinación final de deficiencia en el pago de patentes. 
Si bien la Sec. 16 de la Ley de Patentes, supra, establece los procedimientos para llevar a cabo una impugnación de deficiencias en el pago de patentes, en Mun. Trujillo Alto v. Cable TV, 132 D.P.R. _(1993), 93 J.T.S. 41, a la pág. 10529, se resolvió que dichos procedimientos estatuidos en la ley se refieren a casos de deficiencias en el pago de patentes pero son inaplicables cuando lo que se cuestiona no es el monto de las patentes a ser pagadas, sino la procedencia en derecho de la autoridad de un municipio de reclamar pago alguno por su parte. El caso de autos no es un caso de determinación de deficiencias donde San Juan Realty no se acogió al procedimiento dispuesto en ley para la impugnación de dichas deficiencias. Este caso de lo que trata realmente es de la autoridad legal del Municipio de San Juan para cobrarle a San Juan Realty patentes por ingresos generados en otro municipio, en este caso, en el Municipio de Bayamón. A esos efectos, San Juan Realty podía recurrir al Tribunal de Primera Instancia y solicitar una sentencia declaratoria que estableciera si el Municipio de San Juan podía cobrarle patentes por ingresos generados en el Municipio de Bayamón, a tenor con lo establecido en Las Piedras Const. Corp. v. Mun. de Dorado, 134 D.P.R. _, (1994), 94 J.T.S. 3, a la pág. 11435, o, en la alternativa, podía esperar por la acción de cobro del Municipio de San Juan y levantar como defensa afirmativa la falta de autoridad del Municipio de San Juan para así hacerlo, como sucedió en el caso de autos. Véase, además, Nogama Const. Corp. v. Mun. de Aibonito, 136 D.P.R. _(1994), 94 J.T.S. 73.
La Asamblea Legislativa expresamente ha autorizado a los municipios del Estado Libre Asociado de Puerto Rico a imponer y cobrar patentes municipales. F.D.I.C. v. Mun. de San Juan, 134 D.P.R. _ (1993), 93 J.T.S. 133, a la pág. 11148. La Ley de Patentes, sin embargo, está estructurada en un principio de prorrateo, el cual "implica que cada municipio obtenga el correspondiente pago de patentes por aqu[e]lla actividad económica que se materializa dentro de su jurisdicción geográfica, independientemente de si la misma se devenga o contabiliza finalmente por una casa u oficina en otra municipalidad". Lever Bros. Export Corp. v. Alcalde de S.J., 140 D.P.R. _ (1996), 96 J.T.S. 29, a la pág. 761.
El criterio que debe utilizarse en la determinación de la cuantía sujeta al pago de patentes municipales está establecido en el Art, 3, inciso (b) de la Ley de Patentes, 21 L.P.R.A. sec. 651d(b), que dispone que:

"(b)...se le impondrá y cobrará a toda persona dedicada a la prestación de cualquier servicio, a la venta de cualquier bien o a cualquier industria o negocio no comprendido bajo el inciso (a) de esta sección una patente que en ningún caso podrá exceder de cincuenta centésimas (.50) del uno por ciento (1%) de su volumen de negocio atribuible a operaciones en el municipio que impone la patente autorizada, excepto cuando de otro modo se disponga en esta ley."

Nuestro Tribunal Supremo, en The Coca Cola Co. v. Mun. de Carolina, 136 D.P.R. _ (1994), 94 J.T.S. 79, a la pág. 11997, reiteró que el factor determinante para la imposición del pago de patentes municipales sobre un volumen de negocios es que "el ingreso se produzca como consecuencia de los negocios que la persona, natural o jurídica, desempeña en el municipio, lo cual implica que el ingreso no hubiese sido generado a no ser por las operaciones llevadas allí a cabo." Véase, además, Lever Bros. Export Corp. v. Alcalde de S.J., supra, a la pág. 762. En resumen, el Tribunal Supremo señala que "para validar la tributación municipal es necesaria la concurrencia de dos criterios. El primero de estos exige que la empresa o negocio tenga un establecimiento comercial u oficina dedicada con fines de lucro a la prestación de cualquier servicio en el municipio correspondiente. En segundo lugar, una vez cumplido con el criterio anterior, es necesario que se determine la base sobre la cual se impondrá la patente. Específicamente la ley señala que deberá hacerse sobre el volumen de negocios atribuible a la prestación de algún servicio, industria o negocio que se lleva a cabo en el municipio". Id.
*813 Basándonos en lo expuesto anteriormente, resolvemos que hasta tanto no se dilucide la cuestión de si el Municipio de San Juan podía cobrarle patentes por ingresos generados en el Municipio de Bayamón, no se puede determinar si San Juan Realty le adeuda las patentes reclamadas al Municipio de San Juan.
Con estos antecedentes, procede revocar la sentencia y ordenarle el caso al tribunal apelado que examine la controversia de si el Municipio de San Juan tenía facultad en ley para cobrarle patentes a San Juan Realty por la totalidad de sus ingresos, a pesar de que ésta alega que parte de dichos ingresos fueron generados en el Municipio de Bayamón.
Así lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General